**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――

**No. 21-7378**

―――――――――――

WILLIAM TRAMPAS WIDMYER,

　　　　　Petitioner - Appellant,

　　v.

WARDEN DAVID BALLARD,

　　　　　Respondent - Appellee.

―――――――――――

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, Senior District Judge.  (1:10-cv-00084-IMK)

―――――――――――

Submitted:  July 26, 2022　　　　　　　　　　　Decided:  September 22, 2022

―――――――――――

Before KING, WYNN, and DIAZ, Circuit Judges.

―――――――――――

Vacated and remanded by unpublished per curiam opinion.

―――――――――――

William Trampas Widmyer, Appellant Pro Se.

―――――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Trampas Widmyer appeals the district court's order construing his Fed. R. Civ. P. 60(b) motion as an unauthorized, successive 28 U.S.C. § 2254 petition and dismissing it on that basis. We vacate the district court's order and remand for further proceedings.

"[A] Rule 60(b) motion in a habeas proceeding that attacks 'the substance of the federal court's resolution of a claim on the merits' is not a true Rule 60(b) motion, but rather a successive habeas petition," and is subject to the preauthorization requirement of 28 U.S.C. § 2244(b)(3)(A). *United States v. McRae*, 793 F.3d 392, 397 (4th Cir. 2015) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)). By contrast, "[a] Rule 60(b) motion that challenges 'some defect in the integrity of the federal habeas proceedings'. . . is a true Rule 60(b) motion, and is not subject to the preauthorization requirement." *Id*. (quoting *Gonzalez*, 545 U.S. at 532). Where the movant "presents claims subject to the requirements for successive applications as well as claims cognizable under Rule 60(b)," such a pleading is a mixed Rule 60(b) motion/§ 2254 petition. *Id*. at 400 (internal quotation marks omitted).

In his Rule 60(b) motion and supplemental motions, Widmyer both directly attacked his conviction and sought a remedy for a perceived flaw in his § 2254 proceeding—namely, the district court's finding that certain claims raised in his § 2254 petition were procedurally defaulted. We have recently explained that a movant under Rule 60(b) does not raise "a new habeas corpus claim, or attack[] the federal court's previous denial of the claim on the merits, when he 'merely asserts that a previous ruling which *precluded* a

2

merits determination'"—such as "'a denial for . . . procedural default'"—was erroneous. *Richardson v. Thomas*, 930 F.3d 587, 596 (4th Cir. 2019) (quoting *Gonzalez*, 545 U.S. at 532 n.4). Accordingly, Widmyer could properly challenge the district court's finding of procedural default in a Rule 60(b) motion.[*]

We therefore conclude that Widmyer's filings were a mixed Rule 60(b) motion/§ 2254 petition. Thus, the district court should have afforded Widmyer the opportunity to elect between deleting his successive § 2254 claims or having his entire motion treated as a successive § 2254 petition. *See McRae*, 793 F.3d at 400. Because the district court did not offer Widmyer this opportunity, we vacate the court's order and remand for further proceedings.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[*] The district court, relying on our prior decision in *Harvey v. Horan*, determined that Widmyer's challenge to this finding was a claim that could only be raised in a second or successive § 2254 petition because procedural default is "by every reckoning . . . a dismissal on the merits." 278 F.3d 370, 380 (4th Cir. 2002), *abrogated on other grounds by Skinner v. Switzer*, 562 U.S. 521 (2011). However, we conclude that *Richardson* is applicable here because that case addressed the same question presented in this one— whether a movant may raise a specific claim in a Rule 60(b) motion—whereas *Harvey* addressed the distinct question of whether an initial § 2254 petition was dismissed on the merits for the purpose of determining whether the limitations of 28 U.S.C. § 2244(b) can be applied to a petitioner's subsequent filings.